## Chicago P. St. L. Ry. Co. v. Ellen Bastien.

1. INJUNCTIONS.—*To Restrain Encroachments upon Premises by Railroad Companies.*—In a proceeding to enjoin a railroad company from wrongfully encroaching upon the premises of an adjacent owner, to her annoyance, it is sufficient proof of ownership, in the absence of other evidence, to show that the complainant was in the peaceable possession of the premises.

**Bill to Enjoin Encroachments.**—Appeal from the Circuit Court of Mason County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 1, 1901.

WILSON & WARREN and LYMAN LACEY, JR., attorneys for appellant.

I. R. BROWN, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity filed by appellee against appellant to restrain the latter from encroaching over the line of its right of way upon her lots with its switches and tracks. The bill was answered and the issues thus formed were heard; the court found for the appellee and gave its decree accordingly, making the injunction perpetual,

to reverse which this appeal is brought; and to effect such reversal it is argued against the decree that it is not supported by the evidence, under two points: (1) the burden of proof was upon complainant to definitely establish her own boundary lines, which she did not do; and (2) the defendant did not recognize any right or title in the ground in question to be in the complainant. No question is made as to the jurisdiction of a court of chancery to entertain a bill of this nature.

We are of the opinion the evidence is sufficient to sustain the decree. There is evidence that appellee was in the exclusive possession of the strip of ground that appellant was moving its switch upon, and digging a trench there. Those in charge of the railroad had before that time requested permission of appellee to move a fence because of its proximity to and interference with appellant's cars in the movement of them upon the track, or switch, and at that time appellee claims the appellant took advantage of her, and she testified that without her consent it moved upon her premises to a certain extent. Upon the whole evidence we think the court was warranted in finding as it did, and that appellant wrongfully encroached upon the premises of appellee to her annoyance, inconvenience and injury. The decree is right and it will be affirmed.